## Pearce, Appellant, *v.* Walters.

*Judgment—Issue—Evidence—Principal and agent.*

On the trial of an issue to determine the validity of a portion of a judgment, where the plaintiff's claim is based upon an agreement alleged to have been made with defendant's agent by which the defendant was to be liable for the whole amount of the judgment although such amount was much more than the amount which the defendant had borrowed from the plaintiff, a verdict and judgment for plaintiff for only the amount of the actual loan will be sustained where the evidence shows that if the agreement was made by the defendant's agent, it was made without the defendant's knowledge or authority, and through collusion between the agent and the plaintiff.

Argued Oct. 4, 1910. Appeal, No. 152, Oct. T., 1910, by plaintiff, from judgment of C. P. Cambria Co., Dec. T., 1907, No. 186, on verdict for defendant in case of Use of T. J. Pearce v. Emma Walters. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Issue to determine the validity of a judgment entered on warrant of attorney for $7,350. Before O'CONNOR, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for plaintiff in the sum of $4,195.74. Plaintiff appealed.

*Errors assigned* were various rulings and instructions.

*H. W. Storey,* with him *Alvin Sherbine,* for appellant.

*S. L. Reed,* with him *D. P. Weimer,* for appellee.

PER CURIAM, January 3, 1911:

The issue in this case was to determine the amount due by the defendant on a judgment entered on a warrant of attorney, on her note for $7,000. The plaintiff loaned the defendant $4,067, to pay the purchase money of a house and lot on which she had an option and it was conceded at the trial that this was the only money furnished by the plaintiff. He sought, however, to maintain the lien of the judgment for the full amount for which it was entered, because of an oral agreement alleged to have been made with the defendant's agent whereby she was to convey the property to him in satisfaction of the judgment and in case of her default, the judgment was to stand against the property for the full amount for which it was entered. The effect of the agreement was to give the plaintiff the right to purchase the property of the defendant, after she acquired title thereto, at the price she had paid, with a penalty in case of her refusal, of nearly $3,000, to be enforced by a judgment entered on her note given for money loaned.

The validity of the agreement set up by the plaintiff need not be considered. The jury found that if made by her agent, it was without her knowledge or authority and through collusion between him and the plaintiff.

The judgment is affirmed.